UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT ANDREW RAMSEY,<br><br>                              Plaintiff,<br>       v.<br>ELKO COUNTY SHERIFF'S DEPARTMENT, *et al.*,<br><br>                              Defendants. | Case No. 3:19-cv-00279-MMD-CLB<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA L. BALDWIN |

Plaintiff Robert Andrew Ramsey brings this civil rights case under to 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin concerning Ramsey's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 6; *see also* ECF Nos. 1, 3), and ultimately recommending that Ramsey's case be dismissed for his failure to comply with the Court's order. (ECF No. 12.) Ramsey timely objected to the R&R ("Objection"). (ECF No. 13.) For the reasons below, the Court will accept and adopt the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Ramsey's Objection to the R&R, the Court conducts *de novo* review to determine whether to accept Judge Baldwin's R&R and finds it should be.

Judge Baldwin recommends dismissing this action because Ramsey has failed to comply with the Court's order that he resubmit an updated IFP Application with an updated financial certificate, or pay the full filing fee. (ECF No. 12 at 1; ECF Nos. 7, 9; *see also*

ECF Nos. 3, 5.) Dismissal is recommended without prejudice. (ECF No. 12 at 2.) In the Objection, Ramsey does not contest his failure to comply with the Court's order. (*See* ECF No. 13.) Instead, he asks for the Court to give him an additional 45 to 60 days to comply, claiming that he submitted requests to inmate accounting for a copy of his financial certificate and never received a response and that he is not certain when he will receive the document in light of the coronavirus disease 2019 (COVID-19) pandemic. (*Id.* at 2.) However, the attachments accompanying Ramsey's Objection shows that he has in fact received responses regarding the requested financial certificate, including expeditiously only four days before he filed the Objection. (*See id.* at 3 (inmate "banking" services responding to an April 9, 2020 request from Ramsey *on April 10, 2020*, stating "your Financial Cert was sent out 3/12/2020"), *id.* at 4 (responding to February 27, 2020 inquiry from Ramsey on February 28, 2020, providing "Your request was received on 2/26/2020 you were sent, 'notification of change of address' and a 'Financial Certificate', forms").)

Considering that Ramsey's own evidence indicates that he was sent the financial certificate and therefore creates a presumption that he should have received the same, there is no basis for the Court to reject the R&R. Further, since dismissal is without prejudice, Ramsey is entitled to file his action again when he can provide a financial certificate to support an IFP Application. For now, dismissal without prejudice is most proper based on the record before the Court and to control the Court's docket. *See, e.g.*, *Thompson v. Hous. Auth. of City of L. A.*, 782 F.2d 829, 831 (9th Cir. 1986) (recognizing that district courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing case for failure to comply with court order). The Court therefore accepts the R&R in full.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 12) is accepted and adopted in its entirety.

It is further ordered that the Objection (ECF No. 13) is overruled.

It is further ordered that the case is dismissed without prejudice for the reasons stated herein.

The Clerk of the Court is directed to close this case.

DATED THIS 20th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE